34244. DAY *v.* THE STATE.

Decided September 13, 1952.

*James Horace Wood,* for plaintiff in error.

*Paul Webb, Solicitor-General, William Hall, J. C. Tanksley, C. O. Murphy,* contra.

CARLISLE, J. E. D. Day was indicted under the terms of Code § 26-4505, in that he, "with force and arms, did unlawfully aid and assist Clarence Day, a person lawfully committed and detained in the Fulton County jail under and by virtue of a bench warrant issued from the Superior Court of Fulton County, Georgia, on an indictment charging Clarence Day with the offense of murder, in an attempt to escape from said jail by furnishing and causing to be delivered to the said Clarence Day, twenty-four metal musical strings and one can of valve grinding compound, said articles being instruments proper to facilitate the escape of such prisoner, said furnishing and delivering of said articles 'being for the purpose of aiding said prisoner in sawing metal bars on the cell in which he was confined in said jail, contrary to the laws of said State, the good order, peace, and dignity thereof."

Upon his trial, the defendant was convicted and sentenced to serve from two to three years in the penitentiary. His motion for a new trial, based solely on the general grounds, was denied and he excepted.

Counsel for the State insist in their brief and insisted in the oral argument before this court that it had been stipulated by counsel for the State and counsel for the defendant at the trial that it was admitted as a fact, without the necessity of proof, that on the occasion covered by the indictment Clarence Day was regularly incarcerated in the Fulton County jail, on a warrant issued on an indictment charging Clarence Day with

murder, and as counsel for the defendant, at the time of the oral argument, conceded this to be the truth of the matter, this court will treat such fact as having been proved, as it was incumbent upon the jury in the court below to do.

From the other evidence adduced on the trial, the jury was authorized to find: that the defendant delivered several metal guitar strings, or wires, to a prisoner who was operating an elevator in the Fulton County jail in which the defendant's son was confined; that this prisoner, by prearranged plan with the son, delivered the wires to the defendant's son in Cell 4 North, and the son paid him five or six dollars for doing so; that another man, unknown to the prisoner, delivered to the same prisoner to whom the defendant had given the metal strings or wires, a can of valve-grinding compound which the prisoner delivered to Cell 4 North; that the prisoners confined in Cell 4 North, using the wires in conjunction with the grinding compound, sawed the bars of a window of their cell almost in two and were preparing to depart from the jail when their operation was discovered; that the metal wires were instruments proper to facilitate escape, as the jailer testified that if one bore down hard on the metal wires, they would cut metal better than a saw.

Under the provisions of Code § 26-4505, it is made a crime to aid or assist a prisoner lawfully detained in jail for an offense against this State to make his escape from jail, whether such escape be actually effected or not. It is also made a crime, by the provisions of the same section of the Code, for any person to convey or cause to be delivered to such prisoner any instrument proper to facilitate the escape of such prisoner.

While there was no evidence that the defendant's son, to whom the metal wires were caused to be delivered, participated in the sawing of the bars of the cell window, and while there was no direct evidence that the defendant's son was actually endeavoring to escape, it is clear that the defendant in his statement to the jury admitted delivering the package containing the wires to the prisoner operating the elevator, which was according to the plan of the defendant's son. The son paid for the delivery of the wires to him, and the wires were used in cutting the bars to a window in the cell in which the son was confined. Clearly the jury was authorized to infer from these facts that the son was

engaged in an attempt to escape, and the defendant father aided and assisted him in such attempt, notwithstanding his denial of any knowledge of the contents of the package which he delivered to the prisoner, in which denial the jury was authorized to place no credence.

The evidence authorized the verdict, and the trial court did not err in denying the motion for a new trial, which was based solely on the general grounds.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*